**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DIGI PIGI, LLC a Utah limited company,<br><br>Plaintiff,<br>v.<br><br>DIGITAL PIGEON, LLC a Kansas limited liability company,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. ___________________<br><br>Judge: |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## JURY TRIAL DEMANDED

Plaintiff Digi Pigi, LLC ("Digi Pigi" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Digital Pigeon, LLC ("Digital Pigeon or “Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.- This is an action for trademark infringement and unfair competition arising from Defendant’s adoption and commercial use of the trademark DIGITAL PIGEON in connection with sending marketing emails.

2.- Plaintiff owns the federally registered DIGITAL PIGEON, U.S. Service Mark Registration No. 3,972,781 ("the ‘781 registration”) for “Electronic transmission of digital files via the Internet” in International Class 038 and “Application service provider for storage and movement of digital files” in International Class 042. A copy of the

Registration Certificate is attached hereto as Exhibit A. A cover sheet showing recordation of the assignment of the trademark registration is attached hereto as Exhibit B.

3. The ‘781 registration registered on June 7, 2011 and has been in force since that date, including by use on the Plaintiff’s website at digitalpigeon.com.

4.- Defendant has adopted the name Digital Pigeon for its business which does online marketing including the electronic transmission of digital files in the form of email. Defendant advertises its services on its website at godigitalpigeon.com.

5.- Defendant uses **DIGITAL PIGEON** in connection with its marketing email activities.

6.- Numerous people have contacted Plaintiff to complain about Defendant’s marketing emails based on the apparent belief that Plaintiff sent, sponsored, approved, or was affiliated with those emails.

7.- Defendant’s conduct has caused actual confusion and threatens Plaintiff’s goodwill, reputation, customer relationships, and control over the DIGITAL PIGEON mark.

8.- Plaintiff seeks preliminary and permanent injunctive relief, Defendant’s profits, Plaintiff’s damages, costs, attorney fees to the extent authorized by law, and all other appropriate relief.

## PARTIES

9.- Plaintiff DIGI PIGI, LLC is a limited liability company organized under the laws of Utah, with its principal place of business in Herriman, Utah.

10.- On information and belief, Defendant Digital Pigeon, LLC is a limited liability company organized under the laws of Kansas with its principal place of business in Leavenworth, Kansas.

11.- Defendant conducts business in Kansas and uses the DIGITAL PIGEON mark in commerce, including in connection with marketing emails directed to recipients in Kansas and/or causing confusion and injury to Plaintiff in Kansas.

## JURISDICTION AND VENUE

12.- This action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), including 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

13.- This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the related Kansas common-law unfair-competition claim under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

14.- This Court has personal jurisdiction over Defendant because it is a business entity organized under the laws of this state, has a principal place of business in this District and is committing acts of trademark infringement and unfair competition in this District.

15.- Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is a business entity organized under the laws of this state, has a principal place of

business in this District and is committing acts of trademark infringement and unfair competition in his District.

## FACTUAL ALLEGATIONS

**Plaintiff and the DIGITAL PIGEON Mark**

16.- Plaintiff provides software under the mark DIGITAL PIGEON for the transmission of digital files over the Internet. An example of Plaintiff's advertising is attached as Exhibit C.

17.- Plaintiff and its predecessors have priority in the United States dating back to at least June 7, 2011, for the mark DIGITAL PIGEON in connection with "Electronic transmission of digital files via the Internet" in International Class 038 and "Application service provider for storage and movement of digital files" in International Class 042.

18.- The United States Patent and Trademark Office issued U.S. Trademark Registration No. 3,972,781 for the DIGITAL PIGEON Mark on June 7, 2011, for with "Electronic transmission of digital files via the Internet" in International Class 038 and "Application service provider for storage and movement of digital files" in International Class 042.

20.- In 2024, Plaintiff acquired all right, title, and interest in and to the DIGITAL PIGEON mark and Registration No. 3,972,781 by valid assignment, together with the ~~associated goodwill.~~Leavenworth

21.- Plaintiff is the current owner of Registration No. 3,972,781 and possesses the exclusive right to use the DIGITAL PIGEON mark in commerce in connection with the goods and services identified in the registration, subject to applicable law.

22.- Registration No. 3,972,781 is valid, subsisting, and in full force and effect.

23.- The DIGITAL PIGEON mark has attained incontestable status under 15 U.S.C. § 1065.

24.- Through use, promotion, and the provision of goods and services under the DIGITAL PIGEON mark, Plaintiff and its predecessors have developed valuable goodwill symbolized by the mark.

**Defendant's Adoption and Use of DIGITAL PIGEON**

25.- After Plaintiff and/or its predecessors established rights in the DIGITAL PIGEON mark, Defendant adopted and began using DIGITAL PIGEON as a trademark, service mark, trade name, or source identifier.

26.- Defendant uses DIGITAL PIGEON in commerce in connection with sending marketing emails and related marketing, communications, and/or digital services.

27.- Defendant has used DIGITAL PIGEON in email sender information, email content, branding, advertising, websites, domains, social-media accounts, solicitations, and/or other commercial materials.

28.- Representative examples of Defendant's marketing is attached as Exhibit D.

29.- Plaintiff has not licensed, authorized, approved, or consented to Defendant's use of DIGITAL PIGEON or any other designation confusingly similar to the DIGITAL PIGEON mark.

30.- Plaintiff's DIGITAL PIGEON and Defendant's DIGITAL PIGEON are identical and share the dominant and distinctive sound, cadence, structure, and commercial impression.

31.- Defendant's marketing email activities are identical, closely related, and/or complementary to Plaintiff's sending of digital files over the Internet.

32.- The parties reach overlapping consumers and use overlapping channels of trade, including email and internet-based marketing channels.

33.- Consumers ordinarily encounter the parties' designations separately, without an opportunity for careful side-by-side comparison.

**Actual Confusion and Harm**

34.- Numerous people have contacted Plaintiff to complain about marketing emails sent under or in connection with DIGITAL PIGEON. Copies of some of the communications are attached hereto as Exhibit E.

35.- The very efforts of those callers to contact Plaintiff about Defendant's emails demonstrates that consumers believed that Plaintiff sent, sponsored, approved, or was affiliated with the complained-of emails.

36.- The callers' mistaken attribution of Defendant's emails to Plaintiff constitutes actual confusion as to source, sponsorship, affiliation, connection, and/or approval.

37.- The support tickets have forced Plaintiff to expend time and resources responding to complaints regarding communications that Plaintiff did not send.

38.- Defendant's conduct deprives Plaintiff of control over the quality and nature of communications consumers associate with the DIGITAL PIGEON mark.

39.- Complaints about Defendant's emails have harmed and continue to threaten Plaintiff's goodwill and reputation.

40.- Unless enjoined, Defendant's continued use of DIGITAL PIGEON is likely to cause additional confusion, mistake, deception, reputational harm, loss of goodwill, diversion of business, and other injury that is difficult to quantify fully.

41.- On July 29, 2026, Plaintiff notified Defendant of Plaintiff's trademark rights and the actual confusion caused by Defendant's use of DIGITAL PIGEON. A copy of the notice is attached as Exhibit F.

42. While Defendant received the letter on August 1, 2026, no response has been received.

43.- On information and belief, Defendant has continued the challenged conduct after receiving notice of Plaintiff's rights and the actual confusion.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

## 15 U.S.C. § 1114

44.- Plaintiff incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.- Plaintiff owns the federally registered DIGITAL PIGEON mark, Registration No. 3,972,781.

46.- Without Plaintiff's consent, Defendant has used and continues to use DIGITAL PIGEON in commerce in connection with the advertising, offering, and/or provision of services related to the transfer of electronic files over the internet.

47.- Defendant's DIGITAL PIGEON designation is a reproduction, copy, and/or colorable imitation of the DIGITAL PIGEON Mark.

48.- Defendant's use is likely to cause confusion, mistake, or deception concerning the source, sponsorship, affiliation, connection, or approval of Defendant's services and marketing emails.

49.- The numerous emails to Plaintiff from people complaining about Defendant's emails provide evidence that actual confusion has occurred.

50.- Defendant's conduct constitutes infringement of a registered mark in violation of 15 U.S.C. § 1114.

51.- As a direct and proximate result, Plaintiff has suffered and is likely to continue suffering damage, including reputational harm, loss of goodwill, loss of control over its mark, diversion of personnel and resources, and monetary injury in an amount to be determined.

52.- Defendant has profited or otherwise benefited from its infringement in an amount to be determined through discovery.

53.- Defendant's acts have caused and, unless enjoined, will continue to cause irreparable harm for which there is no adequate remedy at law.

54.- On information and belief, Defendant's infringement is deliberate, knowing, and willful.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION**

**15 U.S.C. § 1125(a)**

55.- Plaintiff incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56.- Defendant uses **DIGITAL PIGEON** in commerce on or in connection with its marketing email activities and related services.

57.- Defendant's use of **DIGITAL PIGEON** is likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with Plaintiff and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

58.- Actual confusion has occurred because numerous people contacted Plaintiff to complain about Defendant's emails while believing that Plaintiff was the sender or was otherwise responsible for those emails.

59.- Defendant's conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

60.- As a direct and proximate result, Plaintiff has suffered and is likely to continue suffering damage, including reputational harm, loss of goodwill, loss of control over its identity and mark, diversion of personnel and resources, and monetary injury in an amount to be determined.

61.- Defendant has profited or otherwise benefited from its unfair competition in an amount to be determined through discovery.

62.- Defendant's acts have caused and, unless enjoined, will continue to cause irreparable harm for which there is no adequate remedy at law.

63.- On information and belief, Defendant's conduct is deliberate, knowing, and willful.

**COUNT III**

**KANSAS COMMON-LAW UNFAIR COMPETITION**

64.- Plaintiff incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65.- Under Kansas common law, unfair competition provides a cause of action to prevent confusion between the parties' goods or services when a plaintiff owns a valid,

protectable mark and the defendant's designation is likely to cause consumer confusion. *See*, *Scholfield Auto Plaza, L.L.C. v. Carganza, Inc.*, 979 P.2d 144, 148–52 (Kan. Ct. App. 1999).

66.- Plaintiff owns valid and protectable rights in the DIGITAL PIGEON mark.

67.- Defendant's use of DIGITAL PIGEON in connection with marketing emails and related services is likely to cause confusion with Plaintiff's DIGITAL PIGEON mark.

68.- The similarity of the parties' marks, relationship of their services, overlapping marketing channels, and repeated instances of actual confusion demonstrate a likelihood of confusion.

69.- Defendant's conduct constitutes unfair competition under Kansas common law.

70.- As a direct and proximate result, Plaintiff has suffered and is likely to continue suffering damage, including reputational harm, loss of goodwill, loss of control over its mark, diversion of personnel and resources, and monetary injury in an amount to be determined.

71.- Defendant's acts have caused and, unless enjoined, will continue to cause irreparable harm for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DIGI PIGI, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Digital Pigeon, LLC and:

A.- Declare that Defendant has infringed Plaintiff's federally registered DIGITAL PIGEON Mark in violation of 15 U.S.C. § 1114;

B.- Declare that Defendant has engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

C.- Declare that Defendant has engaged in unfair competition under Kansas common law;

D.- Preliminarily and permanently enjoin Defendant and its officers, agents, servants, employees, attorneys, affiliates, successors, assigns, and all persons in active concert or participation with any of them who receive actual notice of the injunction from:

1. using DIGITAL PIGEON, or any designation confusingly similar to the DIGITAL PIGEON mark, as a trademark, service mark, trade name, business name, domain name, email sender name, social-media identifier, advertising term, keyword, metatag, or other source identifier;
2. sending, causing to be sent, or assisting in sending marketing emails under DIGITAL PIGEON or any designation confusingly similar to the DIGITAL PIGEON mark;
3. representing, directly or indirectly, that Defendant or its goods, services, emails, or commercial activities are affiliated, connected, associated with, sponsored by, approved by, or originating from Plaintiff; and
4. otherwise infringing the DIGITAL PIGEON mark or engaging in conduct likely to confuse consumers concerning Plaintiff or Defendant;

E.- Order Defendant to discontinue and remove the challenged designation from its websites, domains, email systems, advertising, promotional materials, social-media

accounts, business listings, and other commercial materials within a period set by the Court;

F.- Order Defendant, pursuant to 15 U.S.C. § 1116(a), to file and serve a written report under oath detailing its compliance with the injunction;

G.- Award Plaintiff, subject to the principles of equity, Defendant's profits, Plaintiff's actual damages, and the costs of this action under 15 U.S.C. § 1117(a);

H.- Increase the damages award as permitted by 15 U.S.C. § 1117(a) if warranted by the evidence and principles of equity;

I.- Award Plaintiff reasonable attorney fees under 15 U.S.C. § 1117(a) upon a finding that this is an exceptional case;

J.- Award Plaintiff prejudgment and post-judgment interest as permitted by law;

K.- Award Plaintiff its damages and other relief available under Kansas common law, without duplicative recovery; and

L.- Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Randall B. Bateman
Randall B. Bateman (Kan. Dist. 79331)
BATEMAN IP
2300 Main Street, Suite 900
Kansas City, MO, 64108

(816) 897-0507
rbb@batemanip.com
nml@batemanip.com